## SMITH & Another v. WOOLFOLK.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE EASTERN DISTRICT OF ARKANSAS.

Submitted April 9, 1885.—Decided May 4, 1885.

In a suit in equity brought by creditors of a deceased person against his administrator, for the settlement of his estate, a decree was made ordering a sale of his estate and the distribution of the proceeds. This was done, and the receiver reported his doing to the court. The report was confirmed, and the receiver was ordered to retain a small balance remaining as his compensation : *Held*, that this was a final decree settling the rights of the parties and disposing of the whole cause of-action, and that one of the complainants could not reopen it for the purpose of obtaining relief in that suit against a co-complainant.

After a decree disposing of the issues and in accordance with the prayer of a bill it is not competent for one of the parties without service of new process, or appearance, to institute further proceedings on new issues and for new objects, although connected with the subject matter of the original litigation, by merely giving the new proceedings the title of the original cause.

To bar a suit for the foreclosure of a mortgage in Arkansas, there must not only be an adverse possession for such length of time as would bar an action in ejectment, but an open and notorious denial of the mortgagee's title : otherwise the possession of the mortgagor is the possession of the mortgagee.

The bill in this case was filed by Joseph S. Woolfolk to foreclose a mortgage executed to him by William H. Todd, the intestate of L. H. Springer, one of the appellants, upon the Belleview plantation situate in Chicot County, Arkansas.

The record disclosed the following facts; Junius W. Craig, a citizen of Arkansas and the owner of the Belleview plantation, had, on December 5, 1856, mortaged it to Mrs. Lucy D. Craig, the widow of his brother, to secure $41,666 owing by him to her. Some time after the date of the mortgage Mrs. Craig intermarried with Joseph H. Woolfolk, the appellee. Junius H. Craig died on September 17, 1858. On March 16, 1866, Joseph H. Woolfolk and Lucy D., his wife, William H. Frazier, assignee of A. D. Kelly & Co., William H. Todd, and others, in behalf of themselves and all other creditors of the

estate of Junius W. Craig, filed their bill in equity in the Circuit Court of Chicot County, Arkansas, against Emma J. Wright, executrix of the last will of Junius W. Craig, and others, for the settlement of his estate. The case is styled in the record " *The Creditors of Junius W. Craig* v. *Emma J. Wright, Executrix, and others.*" The bill alleged that many debts had been proven against the estate, amounting in all to the sum of $236,289.34, among which was the debt above mentioned due to Mrs. Lucy D. Woolfolk, a debt due to Frazier, assignee of A. D. Kelly & Co., for $45,607.76, and a debt due to Todd for $47,181.60. The prayer of the bill was that the lands of the estate might be sold and the proceeds distributed among the creditors.

On August 30, 1867, the plaintiffs in the original bill, including William H. Todd and Joseph S. Woolfolk and Lucy D., his wife, filed a supplemental bill of revivor, in which, among other things, they averred the pendency of an intervention filed by Woolfolk and wife in the Chancery Court of Jefferson County, in the State of Kentucky, praying to have the debt due them satisfied out of the property of the estate of Craig in Kentucky. The supplemental bill prayed the same relief as the original bill. The lands of the estate were brought to sale in accordance with the prayer of the bill, and most of them, including the Belleview plantation, were purchased by Todd. Upon a report of the sale, the share of Mrs. Woolfolk in the proceeds was found by the court to be $9,831, and Todd having paid a small part of this sum, Woolfolk, for the residue, took the two notes of Todd, payable to himself, for $4,243.20 each, to secure which Todd executed to him a mortgage on the Belleview plantation. The court having distributed the proceeds of the sale of the lands, directed the receiver to collect the available assets of the estate and report to the next term of the court. By his reports subsequently made it appeared that the receiver had been able to collect only the sum of $157, which the court allowed him to retain as his compensation, so that nothing remained of the original cause in which Woolfolk and his wife were in any way concerned.

Afterwards, on April 12, 1869, during a vacation of the

court, Todd, who had become by assignment the owner of the claim of A. D. Kelly & Co., filed a petition in the case of *The Creditors of Craig* v. *Emma J. Wright*, executrix, and others, in which he alleged among other things, that Woolfolk and wife had brought suit in the Chancery Court of Louisville, Kentucky, against Todd and the heirs of Craig, to subject to the payment of the balance due Mr. Woolfolk from the estate of Craig certain real estate in the City of Louisville. The petition averred that the proceeds of the Louisville real estate should be first applied to the satisfaction of the claim of A. D. Kelly & Co., which had been classed as a preferred debt by the Probate Court in Arkansas, and prayed that Woolfolk and wife might be required to account for any proceeds of the Louisville real estate received by them, according to the rights of creditors as declared by the Arkansas Probate Court; the purpose of the petition being to subject the money arising from the sale of the Louisville property to the payment first of the claim of A. D. Kelly & Co., owned by Todd.

Upon this petition the Chicot Circuit Court made an order that Woolfolk and wife answer the same on or before the third day of the next term, and that in default thereof the petition should be taken as confessed, and that service of the order, "by letter or on attorneys of said parties, be sufficient service thereof."

The statutes of Arkansas do not authorize service of process in either of the methods directed by the order. Nevertheless, the sheriff returned that he had served the order by mailing a copy thereof to Woolfolk and wife, directed to their address, without naming it. C. H. Carlton, upon whom, as attorney of Woolfolk and wife, it appeared that a copy of the order had been served, filed a writing in the case, in which he said he was not their attorney, but the attorney of Todd, the petitioner, and disclaimed any interest in the cause on behalf of Woolfolk. Upon these facts the court decided that there had been sufficient service of the order.

Todd having died, the Chicot County Circuit Court, on January 23, 1880, by its order entered in the case of *The Creditors of Craig* v. *Emma J. Wright*, executrix, and others, made L.

H. Springer, his administrator, plaintiff in his stead; and upon the same day decreed, among other things, that said L. H. Springer, as administrator of Todd, "have and recover of and from Lucy D. Woolfolk and Joseph H. Woolfolk the sum of $37,995.65 out of the said funds and assets in their hands" of the estate of Junius W. Craig, "and that payment thereof be enforced by execution as upon executions at law."

This decree was based upon the report of a master who returned into court none of the evidence, if there was any, upon which it was based.

Before the decree just recited was made, Woolfolk, on October 27, 1879, brought this suit in the Circuit Court of the United States for the Eastern District of Arkansas, to enforce, by the foreclosure of the mortgage made to secure them, payment of one of the two notes for $4,243.20 (the other having been paid), given by Todd to him for the share of Mrs. Woolfolk in the proceeds of the sale of the Belleview plantation. L. H. Springer, the administrator of Todd's estate, and Benjamin H. Smith, who before the death of Todd had acquired all his title to the mortgaged premises, were made defendants.

Smith in his answer insisted upon his right to set off the decree rendered against Woolfolk and wife in favor of the administrator of Todd's estate by the Circuit Court of Chicot County, on January 23, 1880, and set up the seven years' statute of limitations of the State of Arkansas in bar of the suit.

Springer, the administrator, adopted the answer of Smith, and offered to set off so much of the decree in favor of Todd mentioned in the answer of Smith as would satisfy the demand of the plaintiff.

Woolfolk, whose deposition was taken, testified that since October, 1868, Carlton, on whom the order of the court above mentioned was served, had not been his attorney, and that he himself had never heard of the petition of Todd until after the final decree had been rendered thereon, and that his wife, Lucy D. Woolfolk, had died in the year 1876, four years before the entry of the decree; that from the year 1856 until her death she had resided in Kentucky, and that he had resided there all his life.

The deed of the receiver to Todd for the Belleview planta-
tion was executed on October 28, 1868. It appeared from the
evidence that Todd and the appellant Smith, who claimed un-
der him, had been in possession of the mortgaged premises
ever since that date.

Upon final hearing, the Circuit Court, on November 2, 1881,
rendered a decree in favor of the plaintiff for $9,743, to bear
interest from the date of the decree, and in default of payment
ordered a sale of the mortgaged premises to satisfy the same.
From this decree the defendants, Benjamin H. Smith and
Springer, administrator of Todd, appealed.

*Mr. Attorney General* and *Mr. F. W. Compton* for appel-
lants.

*Mr. U. M. Rose* for appellee.

Mr. Justice Woods delivered the opinion of the court. He
stated the facts in the foregoing language, and continued:

The decree of the Circuit Court was justified by the facts
appearing of record, unless one or both of the defences set up
in the answers of Smith were maintained.

We shall consider first the defence of set-off based upon the
record of the proceedings and decree of the Circuit Court of
Chicot County.

We are of opinion that the decree of the Chicot Circuit Court,
made on the 28th day of October, 1878, was, so far as it con-
cerned Joseph S. Woolfolk and Lucy D., his wife, a final decree
in the cause, and they were bound to take no notice of the
subsequent proceedings, unless they were served with process
or entered their voluntary appearance. By that decree the
rights of the parties then before the court, as stated in the
original bill, and all the assets of the estate of Craig actually
or constructively within the jurisdiction of the court, were dis-
posed of. It is true the receiver was directed by the decree to
proceed to collect the available assets of the estate. But, as
has been stated, only a small sum barely sufficient to pay the
receiver's compensation, was collected by him, and this he was

allowed to retain by the decree of the court. The petition filed by Todd, and the proceedings thereon subsequent to the decree of October 28, 1868, had no reference to any additional assets collected by the receiver after that date.

If the matter set up in the petition of Todd had been offered as an amendment to the original bill when the latter was on final hearing and Woolfolk and wife were before the court, there is no rule of equity pleading and practice or of the jurisprudence of Arkansas by which such an amendment could have been allowed and have become the basis of a decree. *Shields* v. *Barrow*, 17 How. 130; *Hardin* v. *Boyd*, 113 U. S. 756; *Walker* v. *Byers*, 14 Ark. 246. As was said by this court in *Shields* v. *Barrow, ubi supra,* "it is far better to require the complainant to begin anew. To insert a wholly different case is not properly an amendment and should not be considered within the rules on that subject." So that, even if the decree made on the original bill was not final, the petition filed by Todd was so radical a departure from the case made and relief prayed by the original bill as to be a new suit and require service of process on the parties made defendant thereto. It instituted a new litigation on new and distinct issues not raised by the original pleadings, and between parties who were complainants in the original cause.

It is settled that one defendant cannot have a decree against a co-defendant without a cross-bill, with proper prayer, and process or answer, as in an original suit. *Walker* v. *Byers*, 14 Ark. 246; Gantt's Dig., § 4559; *Cullum* v. *Erwin*, 4 Ala. 452; *Cummins* v. *Gill*, 6 Ala. 562; *Shelby* v. *Smith*, 2 A. K. Marshall, 504. It follows, from the reason of this rule, that if one complainant can, under any circumstances, have a decree against another upon a supplemental or amended bill, it must be upon notice to the latter. After a decree disposing of the issues and in accordance with the prayer of a bill has been made, it is not competent for one of the parties, without a service of new process or appearance, to institute further proceedings on new issues and for new objects, although connected with the subject matter of the original litigation, by merely giving the new proceedings the title of the original cause. If his bill begins a new

litigation, the parties against whom he seeks relief are entitled to notice thereof, and without it they will not be bound. For the decree of a court rendered against a party who has not been heard, and has had no chance to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other court. *Windsor* v. *McVeagh*, 93 Wall. 274.

Upon the original bill, filed in the Chicot Circuit Court by Todd, it was not possible, therefore, for Todd to get a valid money decree against Woolfolk and his wife without new and adversary pleadings and service of process on Woolfolk and giving him his day in court. Woolfolk and wife had the right to rely on these principles of law, and were not bound to take notice of the petition of Todd and the proceedings thereunder.

Todd and his counsel appear to have seen the necessity of notice to Woolfolk and his wife, and made an attempt to give them notice of the petition filed by Todd: But the record shows that no lawful notice was served on them. It fails to show notice of any kind.

The only service which the defendants assert to have been made on Woolfolk and wife was the service on Carlton as their attorney, who was not their attorney, but, as he averred, the attorney of Todd, the petitioner, and the mailing to their address by the sheriff of the copy of the order. Conceding that these kinds of service, if executed according to law, were good under the statute of Arkansas, which they are not, they would have been but substituted service, and could not support a personal decree against Woolfolk and wife. *Pennoyer* v. *Neff*, 95 U. S. 714; *Harkness* v. *Hyde*, 98 U. S. 476; *Brooklyn* v. *Insurance Company*, 99 U. S. 362; *Empire* v. *Darlington*, 101 U. S. 87.

It follows that the record of the proceedings and decree of the Circuit Court of Chicot County, subsequent to the decree made in the case of *The Creditors of Junius W. Craig* v. *Emma J. Wright*, executrix, and others, on October 28, 1868, was not binding upon Woolfolk and wife, and could not be received in evidence against them. As this record contained the only proof offered by the appellants of any set-off in behalf of any one whatever against the mortgage debt due from Todd to

Woolfolk which the present suit was brought to enforce, it follows that the defence of set-off pleaded in the answers of the appellants failed for want of proof, even conceding that they were entitled to make the set-off.

It remains to consider the plea of the statute of limitations. The note secured by mortgage, which is the basis of this suit, fell due October 30, 1870, and the suit was brought October 27, 1879. It is insisted that the suit to foreclose the mortgage was, under the law of Arkansas, barred in seven years from the maturity of the note. In the case of *Birnie* v. *Main*, 29 Ark. 591, it was declared by the Supreme Court of Arkansas that "to bar a suit for the foreclosure of a mortgage there must not only be an adverse possession for such length of time as would bar an action of ejectment, but there must be an open and notorious denial of the mortgagee's title; otherwise the possession of the mortgagor was the possession of the mortgagee." And in *Coldcleugh* v. *Johnson*, 34 Ark. 312, it was said by the same court, that "the possession of a mortgagor is not to be deemed adverse until he makes some claim or does some open and notorious act adverse to the rights of the mortgagee." See also *Hardin* v. *Boyd*, 113 U. S. 756. The only evidence in the record of any such act, by either Smith or Todd, was the denial by Todd, in his answer filed on April 18, 1876, in a suit brought by Woolfolk against him in the Circuit Court of Owen County, Kentucky, on one of the mortgage notes, that he was indebted to Woolfolk thereon. Up to that date, at least, the possession of Todd and Smith was the possession of Woolfolk. This suit to foreclose the mortgage was not, therefore, barred.                    *Decree affirmed.*