## METROPOLITAN TRUST CO. OF NEW YORK v. COLUMBUS, S. & H. R. CO.

### (Circuit Court, S. D. Ohio, E. D. April 19, 1899.)

1. JURISDICTION OF FEDERAL COURTS—ANCILLARY SUITS—DIVERSITY OF CITIZENSHIP.

A federal court, having possession of the property of a railroad company by its receiver in a foreclosure suit, draws to itself, as ancillary to such suit, all other suits seeking to establish or enforce equitable claims or rights in the property, and a complainant in such a suit may make any one defendant to his bill, without regard to his citizenship.

2. EQUITY PLEADING—MULTIFARIOUSNESS OF BILL.

The fact that a complainant in his bill sets up two causes of action, one as trustee and one in his individual right, does not render the bill subject to demurrer, on the ground that it is multifarious, by a defendant between whom and complainant, in either capacity, the issue made is precisely the same.

3. MORTGAGES—BILL FOR FORECLOSURE—INCIDENTAL ISSUES.

The question whether one conceded to hold the legal title to property mortgaged by another has any beneficial interest therein, or merely holds the title as trustee for the mortgagor, may be litigated in a suit to foreclose the mortgage as incidental to the relief sought, and the bill is not multifarious because it joins such legal owner as a defendant, and presents the issue for determination.

4. SAME—ALLEGATION OF OWNERSHIP OF MORTGAGOR.

An allegation in a bill for the foreclosure of a mortgage that the mortgagor purchased the property from a former owner and paid for it, where it is conceded that the title of both vendor and vendee was equitable only, is a sufficient averment of the mortgagor's ownership, as against the holder of the legal title, without alleging a conveyance to the mortgagor of his vendor's interest.

5. EQUITY PLEADING—SUFFICIENCY OF BILL—ALLEGATION OF TRUST.

A bill for the foreclosure of a mortgage, which also joins a third person, conceded to hold the legal title to the mortgaged property, and asks that he be decreed to hold such title as trustee for the mortgagor, must set out the facts upon which the alleged trust is asserted.

This cause comes on for hearing on demurrer to the bill and an amendment thereto.

The bill seeks to foreclose two liens on the railroad of the defendant, the Columbus, Sandusky & Hocking Railroad Company. The first lien described in the bill (though it is junior to the other in point of priority) is that of a mortgage issued by the defendant company to the complainant company as trustee on November 9, 1895, to secure an issue of $10,000,000 of bonds, of which $7,445,000 were actually sold. The second lien is that of $250,000 of receiver's certificates issued by a receiver of the common pleas court of Crawford county, Ohio, in a former foreclosure of the same railroad, and now held by the complainant in its individual character, and not as trustee. The bill avers that the lien of the certificates is the first and best lien on the railroad; that the mortgage is a lien subordinate to these certificates and others of the same class; also to certificates issued by the receiver of this court in a foreclosure suit brought by the Mercantile Trust Company to which the present suit is ancillary; also to certain six-months claims for wages and supplies to be adjudicated; and also to the mortgage upon its railroad issued by the defendant company to the Mercantile Trust Company to secure $2,000,000 of bonds; but that it is superior to all other liens. The bill recites that in June, 1897, the Mercantile Trust Company, as trustee, filed a bill in this court to foreclose the above-mentioned mortgage, and procured the appointment of

93 F.—44

Samuel M. Felton receiver, who took possession of the railroad, and, under orders of this court, is still in possession, and is operating the same, "and, by reason of said possession and control of said property by this honorable court through its said receiver, your complainant is unable to resort to any other court to enforce its rights, and the remedies to which it is entitled, by reason of the facts herein complained of." The bill makes defendants, in addition to the mortgagor and the Mercantile Trust Company, some 18 persons, who, the bill avers, claim some interest in the railroad by way of lien and otherwise, but all of which the bill avers are subordinate to both liens sought to be foreclosed. The prayer is that such persons be made parties, and compelled to set up their claims; that they be adjudged invalid or subordinate to complainant's liens; and that the railroad be sold free from all incumbrance arising from the same. The complainant is a citizen of New York, and several of the defendants are citizens of the same state, while the defendant mortgagor and other of its co-defendants are citizens of Ohio and other states. Among these persons are the demurrants, Edward H. Zohorst and the Second National Bank of Sandusky, citizens of Ohio. As against them, the amendment to the bill contains averments that the defendant the Columbus, Sandusky & Hocking Railroad Company is in possession of certain real estate in Sandusky; that on July 28, 1893, the Sandusky & Columbus Short-Line Company, a predecessor in title of the mortgagor, purchased from the Lake Erie Construction Company and paid for the real estate above mentioned; that at the time of the purchase "the title thereto was in the name of the defendant Ed. H. Zohorst, who held the same as trustee for the said Lake Erie Construction Company, and, from and after said purchase by said Sandusky & Columbus Short-Line Railway Company, said Zohorst held the same as trustee for said railway company. He had no other right, title, interest, or estate therein." The bill then traces the devolution of the title of the land, by the foreclosure of the Short-Line Railroad, to the defendant mortgagor. The bill further avers that Zohorst mortgaged the land to the Second National Bank of Sandusky, although Zohorst was not at the time the owner of the land, and had no title or interest therein, except as trustee for the Short-Line Company, which was the real owner, and was in possession at the time, and that of these facts the Second National Bank had full knowledge.

Seward, Guthrie & Steele, for reorganization committee.

Parsons, Shepherd & Ogden, Morrison R. Waite, and Lawrence Maxwell, Jr., for Metropolitan Trust Co.

Barton Smith, for Second Nat. Bank and Ed. H. Zohorst.

TAFT, Circuit Judge (after stating the facts as above). The demurrer to the amended bill first raises the question of jurisdiction. It is said, in support of it, that, in the controversy over the rights of Zohorst and the Second National Bank, the parties must be arranged according to their interest, to determine whether the requisite diverse citizenship exists, and, under such an arrangement, the complainant, a citizen of New York, the defendant railroad company, the mortgagor, a citizen of Ohio, are on one side, and Zohorst and the bank, both citizens of Ohio, are on the other, which makes impossible jurisdiction in a federal court. The answer to the objection is that this is a dependent and ancillary bill, of which the court gets jurisdiction because it has lawful custody of the property with respect to which the complainant seeks equitable relief, and not because there is diverse citizenship of the parties. The complainant may make any one defendant to its bill, no matter what his citizenship, if his presence as a party is necessary to work out, in respect to the property held by the court, the equities to which the complainant is entitled. Compton v. Railroad Co., 31 U. S. App. 486, 531 et seq., 15 C. C. A. 397, and

68 Fed. 263. The demurrer on the ground of jurisdiction cannot be sustained.

The next ground is that the bill is multifarious. The rules for determining whether a bill is open to the charge of multifariousness are rather vague, and leave much to the discretion of the court. It is doubtless true that generally two different complainants may not join separate causes of action, when each has no interest in the cause of the other. It is also true that a cause of action in favor of one in his own right is as distinct from a cause of action in favor of the same person as trustee as it is from that of a different person, and therefore that a defendant against whom a trustee attempted to unite, in the same bill, with a cause of action asserted by him as trustee, a wholly distinct cause of action, in his individual right, might object on the ground of multifariousness. In the case before us the defendant railway company might, therefore, be heard to urge this defect in the bill, because it asks for the enforcement of two different liens held in different rights. It might insist upon the right to answer separate demands by different persons in different suits. But how does this defect injure or affect the defendants Zohorst and the Second National Bank? As to them the issue made by the complainant as trustee and in its own right is the same. They are required to meet only the question whether Zohorst had any equitable interest in the land as against the defendant railroad company; and, second, if he had none, whether the bank, without knowledge of the naked character of his legal title, changed its position on the faith of his having a beneficial interest. Upon this issue, the complainant, as trustee and in its own right, has precisely the same interest, and the union of the two causes of action in the bill does not embarrass Zohorst or the bank in the slightest; for, as to them, the causes of action raise but one narrow question. The court exercises a large discretion in passing on questions of multifariousness (Brown v. Deposit Co., 128 U. S. 403, 411; 9 Sup. Ct. 127; Beach, Mod. Eq. Prac. § 115, and cases cited); and it seems to me that the consideration suggested, to wit, that the particular defendants are not injured or affected by this defect pointed out in the bill, is quite sufficient to justify me in holding that they cannot be heard to urge it by demurrer.

The next ground of the demurrer is that in a foreclosure suit the mortgagee cannot compel one claiming an interest in the property mortgaged by paramount title to try his title in the foreclosure suit. The general principle is admitted, but it does not apply here. It is conceded that Zohorst has the legal title. The only question is whether he holds as trustee for the defendant railroad company, the mortgagor. That is a question of equitable cognizance, the settlement of which is incidentally necessary to the sale of the mortgaged property clear of incumbrance or cloud. It may be settled in a foreclosure bill. In Brown v. Deposit Co., 128 U. S. 403, 9 Sup. Ct. 127, the bill was filed to foreclose a mortgage upon real estate, the legal title to a large part of which was vested in one from whom the mortgagor had agreed to buy it, and to whom all of the purchase price had not been paid. The bill sought, as ancillary relief, a decree of specific performance against the holder of the legal title upon tender of

the purchase price. It was held that the bill was not defective for multifariousness in uniting the two causes of action. The case at bar cannot be distinguished from the case cited.

It is further objected that it is not averred in the bill that the Lake Erie Construction Company ever conveyed its interest in the land to the Short-Line Company. While the allegation is not as specific upon this point as could be desired, it seems to me that the averment that the former company purchased the land from the latter, and paid for it, is sufficient to show, as to a mere equitable interest, that the interest passed from the vendor to the vendee.

The next ground of demurrer is that the bill does not set forth the facts upon which the relation of trustee and cestui que trust between Zohorst and the Lake Erie Construction Company arose. It is said that the averment that Zohorst was a trustee in holding the legal title is the averment of a legal conclusion. I think that this objection is well taken. The bill is in this aspect an action to declare and enforce a trust, and the facts upon which the alleged trust is asserted, whether by reason of an express declaration or by circumstances, should be set forth. Grenville-Murray v. Earl of Clarendon, L. R. 9 Eq. 11; Jackson v. Railway Co., 18 Law J. Ch. 91; Lienan v. Lincoln, 2 Duer, 672. Upon this ground the demurrer of the defendants is sustained. Upon other grounds the demurrer is overruled. The complainant will be given 20 days in which to amend its bill, by setting out the facts upon which it claims that Zohorst had no beneficial interest in the real estate described in the amendment to the bill, and held the same as trustee for the Lake Erie Construction Company.