ENGLEHARD–HITCHCOCK CO. v. SOUTHERN BANKING & TRUST CO. et al.

(Circuit Court, N. D. Georgia. June 12, 1908.)

EQUITY—BILL OF REVIEW—PARTIES—FORECLOSURE DECREE.

A decree of foreclosure regularly entered under which the property has been sold and the sale confirmed cannot be set aside and the case reopened on petition of one not a party, but who claims some right or interest in the property.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 1099.]

Smith, Hammond & Smith, for complainant.
Ethridge & Ethridge and E. L. Douglas, for defendants.

NEWMAN, District Judge. The proceeding now before the court is a supplemental bill, in the nature of a bill of review, seeking to reopen a decree entered in a foreclosure proceeding.

The facts are that a bill was filed to foreclose a mortgage on certain real estate in the city of Atlanta, a decree pro confesso was taken, a commissioner appointed to sell the property, a sale made, and the same afterwards confirmed. The property was bought by the holders of the notes secured by the mortgage or trust deed foreclosed. The complainant company in the supplemental proceeding now instituted is engaged in the business of putting in heating apparatus. It placed in the building on the land sold certain heating apparatus during the pendency of the foreclosure proceedings. According to the bill, the arrangement and contract to put in the heating appliances was made with the lessee of the property and with the holder of a deed to the equity of redemption of the property sold. It is alleged in the bill that the holder of the notes secured by the mortgage which was foreclosed knew that arrangements were being made by the complainant company to do the work and that they were making estimates and figuring on the same, but there is no allegation that he made any contract or agreement about it. The amount due the complainant, according to the allegations of this supplemental bill, is $924. The

case is now heard on the question of jurisdiction and on the right of the court to entertain this supplemental proceeding and reopen and change the decree in the original case.

I am inclined to the opinion that this case is original in character, and that it is necessary that the amount required to give the Circuit Court jurisdiction should be involved (Smith v. Woolfolk, 115 U. S. 143, 5 Sup. Ct. 1177, 29 L. Ed. 359; Telegraph Co. v. Purdy, 162 U. S. 329, 16 Sup. Ct. 810, 40 L. Ed. 986), but, if it be assumed that the case comes within the rule of Krippendorf v. Hyde, 110 U. S. 281, 4 Sup. Ct. 27, 28 L. Ed. 145, and kindred cases, even then I do not think such a case is made as will justify the court in entertaining the bill. The complainant might probably have intervened in the original suit and had its rights determined before the decree foreclosing the mortgage was entered, but the case proceeded regularly between the parties and a decree pro confesso was taken, the property sold, and the sale confirmed. In this situation I am satisfied that this bill cannot be maintained. The complainant in this supplemental bill being no party to the original suit cannot be affected thereby, so far as I can see. Any facts complainant might establish in this proceeding, which would justify relief therein, would be just as effectual to enable it to obtain relief in a proper proceeding at law, or under the statutes of the state. If the complainant's rights, applying the facts as they may be determined to the law applicable, are superior to those of the purchaser, the foreclosure proceedings to which it was no party and of which it had no knowledge ought not to stand in its way.

Be this as it may, I do not think, where a decree is regularly and properly entered between the parties, and no fraud is alleged, that the decree can be reopened and set aside for any such reason as is suggested here. If this practice should be permitted, there would be no end to litigation. It would be prolonged indefinitely.

Any rights that the complainant in the supplemental bill may have growing out of the claim that Harry A. Etheridge bid $500 in excess of the amount actually received for the property at the sale by the commissioner can be asserted in the proper way and its merits passed upon, but not in this proceeding.

The supplemental bill must be dismissed, but without prejudice to complainant's right to institute such other proceedings in a court of competent jurisdiction as it may be advised.