KIRKLAND et al. v. KNOX et al.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1916.)

No. 1401.

1. COURTS ⬨294—UNITED STATES COURTS—JURISDICTION—ANCILLARY JURISDICTION.

A suit by receivers appointed by a federal court to recover the possession of standing timber claimed by them as part of their trust estate, which they were prevented from cutting by the owner of the land, and to recover damages, was within the jurisdiction of the court appointing them, irrespective of the citizenship of the parties or the amount involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 836; Dec. Dig. ⬨294.]

2. LOGS AND LOGGING ⬨3(15)—SALES OF STANDING TIMBER—TIME FOR CUTTING—EVIDENCE AS TO DATE OF CONTRACT.

A contract of sale of standing timber required its removal within 10 years from the date thereof, but bore no date. It was probated on June 26, 1905, and recorded about 10 days later, and it was shown that on or near the date of probate the grantor deposited an amount equal to the recited consideration in a bank, and that this was his only deposit of that amount and the only deposit made about that time. One of the subscribing witnesses testified that he was absent from the county during the year 1905 until the latter part of May or the first part of June. Held that, in the absence of any evidence to the contrary, the court properly held as a presumption of law that the contract was executed about the time of its probate, and that the 10 years had not expired in March, 1915.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 12; Dec. Dig. ⬨3(15).]

3. LOGS AND LOGGING ⬨3(15)—SALES OF STANDING TIMBER—PREVENTING CUTTING—DAMAGES.

Receivers of a lumber company owning standing timber employed D. to cut and remove it, and he hired E., who had the necessary machinery and force of men to do the work. The owner of the land prevented the cutting of the timber. A sawmill and other machinery had been transported at considerable cost, and other outlays incurred in assembling a force of men and teams and providing for their maintenance. Held that, where the circumstances under which E. was employed and the authority of the receivers' agent to make the arrangement with him showed that the receivers were liable for his expenses, they could recover such expenses as damages for preventing the cutting, though the receivers made no direct contract with E.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 12; Dec. Dig. ⬨3(15).]

---

⬨For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Action by Robert H. Knox and another, as receivers of the Hilton-Dodge Lumber Company, against Ela F. Kirkland and husband. Judgment for plaintiffs, and defendants bring error. Affirmed.

James A. Willis, of Barnwell, S. C. (James E. Davis, of Barnwell, S. C., on the brief), for plaintiffs in error.

Arthur R. Young, of Charleston, S. C. (B. A. Hagood and Hagood, Rivers & Young, all of Charleston, S. C., on the brief), for defendants in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. In February, 1915, the receivers of the Hilton-Dodge Lumber Company, claiming to own the timber on a tract of land in Barnwell county, S. C., employed one Durden to cut and remove the same. Durden hired a man by the name of Edenfield, who had the needful machinery and force of men, to do the work. In the latter part of March these agents of the receivers attempted to commence operations, but were prevented from going upon the premises by George D. Kirkland, acting for his wife, Ela F. Kirkland, the then owner of the land. The receivers thereupon brought suit for possession of the property and for expenses incurred in preparing to cut the timber. They had judgment in the court below, entered upon the verdict of a jury, and the case comes here on writ of error.

[1] It is contended that the District Court was without jurisdiction, because the requisite amount was not involved; but the contention is without merit. The receivers were appointed by the federal court in which the suit was brought, and pursuant to its order. It was brought to recover property claimed by the receivers as part of their trust estate, the possession of which was refused by defendants, and was therefore auxiliary to the main action in which they had been appointed. Under these circumstances the court had jurisdiction irrespective of the citizenship of the parties or the amount involved, as the Supreme Court expressly held in White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67. The opinion in that case says:

"Any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the Circuit Court, regardless either of the citizenship of the parties, or of the amount in controversy."

[2] The contract under which the receivers claim limited the time for cutting and removing the timber to "the space and term of ten years from the date of this lease and sale." This contract, however, bore no date of month or year, the spaces for the insertion of the dates having been left blank, and from this omission it is argued that there was failure to prove that the 10 years had not expired when the receivers attempted the cutting operations which defendants interdicted. But the instrument was probated on the 26th of June, 1905, and

recorded some 10 days later; the consideration named therein, and recited to have been paid before execution, was $500; and it was shown that one of the grantors deposited that sum in bank on or near the date of probate, that this was his only deposit of that amount, and that he made no other deposits about that time. Moreover, one of the subscribing witnesses to the contract testified that he was absent from Screven county, the county in which the instrument was probated, all of the year 1905 until the latter part of May or first part of June, and therefore could not have witnessed the paper at an earlier date. On this showing, nothing whatever appearing of contrary import, the court below held as a presumption of law that the contract was executed about the time of its probate, and therefore the 10 years had not expired when the receivers made preparations for cutting the timber as above stated. The correctness of this ruling is so evident that it cannot need the support of argument or citation.

The right of the receivers to the possession of the timber on this tract was virtually conceded on the trial, and that question disappeared from the case. At the conclusion of the testimony, and before charging the jury, the court, addressing defendants' counsel, said:

"As to the right to the timber you yourselves admit upon the papers that these people are entitled to that."

The record shows that no objection was made to this statement, and the ruling, repeated in the subsequent charge, is not made the subject of exception.

[3] The only remaining issue was the amount of recoverable damage, and that issue was submitted to the jury for determination. The court held that the receivers, having the right to cut the timber covered by the contract, and having been prevented from exercising that right by defendants' refusal to allow them to go upon the premises, could recover the expenses to which they were actually put in preparing for cutting operations. A sawmill and other machinery had been transported at considerable cost, and other outlays incurred in assembling a force of men and teams and providing for their maintenance. The amount of the verdict was somewhat less than the aggregate items of expenditure, and it cannot be said that the damages awarded are not fully sustained by the testimony. Something is sought to be made of the fact that the receivers had made no direct contract with Edenfield, the man whom Durden hired to do the work; but the circumstances under which he was employed, and the proven authority of the agents of the receivers to make the arrangement with him, leave no room for doubt that the receivers were liable for his expenses, and that was sufficient to establish their right of action.

The other assignments of error are covered by what has already been said or relate to rulings upon immaterial questions. The record discloses no reversible error, and the judgment is therefore affirmed.