### BARFIELD v. ZENITH TIRE & RUBBER CO.

### KIRBY v. WILSON et al.

(District Court, N. D. Ohio, W. D. December 8, 1924.)

No. 300.

**1. Courts ⬅️264(3)—District Court has jurisdiction of receiver's ancillary suit to recover value of stock fraudulently issued to directors of insolvent corporation.**

District court in which stockholders' action against insolvent corporation is brought has jurisdiction of ancillary suit by receiver appointed in the main suit to recover value of stock issued to directors without consideration and in fraud of creditors and others.

**2. Courts ⬅️264(3)—District Court held without jurisdiction of defendants served in another division in ancillary suit by receiver.**

Suit by receiver of insolvent corporation to recover value of stock fraudulently issued, ancillary to suit against corporation, may not be brought by supplemental bill under Equity Rule, § 34, nor as suit of local nature and process must be served as in original bills, and under Judicial Code, §§ 51–53 (Comp. St. §§ 1033–1035), court had no jurisdiction of directors served in another division of district; sections 54–57 (sections 1036–1039) not being applicable.

In Equity. Suit by Harry S. Barfield against the Zenith Tire & Rubber Company, wherein Edward G. Kirby was appointed receiver of the Zenith Tire & Rubber Company, with ancillary suit by the receiver against James W. Wilson and others. On motions of defendants in such latter suit severally, to quash service of summons. Motions granted.

Marshall & Fraser, of Toledo, Ohio, for plaintiffs.

George W. Ritter, of Toledo, Ohio, for defendants.

KILLITS, District Judge. The main case is a stockholders' action against an insolvent corporation, a receiver being appointed by this court to administer the estate, the complaint containing the customary allegations and prayer. Thereafter the receiver was permitted, under the main case, to bring an action against James W. Wilson and five others, none of whom were parties to the main case, to recover the face value of 25,000 shares of stock in the insolvent corporation, which stock, it was asserted, had been issued by the defendants, as directors, to one of their number, Wilson, without consideration, and in fraud of creditors and other parties interested in the corporation. The action is to prosecute a joint and several liability. No one of the defendants to this auxiliary bill is a resident of this division, nor was within the jurisdiction of this court when service was had. This was attempted altogether in the Eastern division of this district, where every party to this dependent bill resided. These new defendants severally move to quash service of summons for want of jurisdiction over their several persons.

[1] It is useless, except briefly, to comment upon numerous decisions which would sustain the action in question as one ancillary to the main suit, or which are offered in argument to sustain or defeat the jurisdiction. That this court has jurisdiction of the subject-matter is settled by White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67. The action is one brought in aid of the main suit, necessary to be prosecuted if a full administration by this court of the affairs of the insolvent corporation is had, provided such cause of action actually exists. Campbell v. Golden Cycle Mining Co. et al., 141 F. 610, 73 C. C. A. 260.

[2] The difficulty, however, is that no reported decision yet found goes to the question precisely before us. As noted above, the defendants are all nonresidents of this division of our district. Each is sought to be in the court by service beyond the court's territorial jurisdiction. There is nothing alleged in the complaint, either in the main suit, or in the ancillary bill, which suggests a community of interest between the moving defendants and beneficiaries under the main suit, so that the responsibility of any of the movants may enlarge or diminish ac-

cording as findings are had against others, or as the administration proceeds. In short, the action is for a judgment against the defendants which is under no contingency whatever; one in personam attempting a recovery which, if had, would be definite and subject to no change because of subsequent developments in the main case. The question then is simply one of venue of an action at law, the subject-matter of which is within the court's jurisdiction, that is, whether the court, having jurisdiction of the subject-matter, because of the ancillary character of the suit, may, by process served beyond the court's territorial jurisdiction, compel an individual to meet here an obligation which he may independently owe to the estate under administration; for we should treat these defendants, although alleged to be jointly and severally liable, as one individual.

In White v. Ewing, supra, a Circuit Court within this circuit did that very thing. Sitting in Tennessee, it entertained an action against 130 persons, more than three-fourths of whom were citizens of other states, all, however, joined as defendants, to answer to an action, among other things, for the satisfaction "of the balance of the purchase money due separately from each and all said defendants upon their respective notes," after liens securing these individual obligations had been satisfied. Only the resident defendants were personally served, an order of publication acting for service against the nonresidents. It is recorded in the statement of facts that: "No exception was taken to the form of the bill by demurrer or otherwise, and the defendants nearly all answered, denying their liability." The Supreme Court considered a certificate from the Circuit Court of Appeals of this circuit which raised the question whether, in any equity proceeding of the character substantially identical with the main suit here, the court of first instance had the jurisdiction to hear and determine an ancillary suit such as is before us in this case. That question was answered in the affirmative, and we are guided by that decision; but, of course, only so far as it goes. It does not reach the point raised by the motions before us.

In Hollander v. Heaslip, 222 F. 808, 137 C. C. A. 1, it appears that in a suit in equity against a corporation, the receiver was permitted to prosecute by dependent bill, among others, one Hollander, upon the latter's subscription to the capital stock of the corporation. The court held that it was within the power of the Circuit Court "to hear and determine all controversies regarding such claims, at least in so far as it could acquire jurisdiction 'of the persons of those who were parties to such controversies, though the questions thus collaterally involved were of a purely legal nature," following White v. Ewing, supra.

We are cited to a number of cases which are of no value at all, except so far as they support the determination of White v. Ewing, because of the facts upon which their respective decisions are based. In Porter v. Sabin, 149 U. S. 473, 13 S. Ct. 1008, 37 L. Ed. 815, one of them, the court says, on page 480 (13 S. Ct. 1010), to which our attention is directed, that the whole property of the corporation within the jurisdiction of the court appointing the receiver, "including all its rights of action, * * * remains in its custody, to be administered and distributed by it"; and on page 479 (13 S. Ct. 1010), which observation we are asked also to consider: "It is for that court, in its discretion, to decide whether it will determine for itself all claims of or against the receiver, or will allow them to be litigated elsewhere. It may direct claims in favor of the corporation to be sued on by the receiver in other tribunals, or may leave him to adjust and settle them without suit," etc. But the case goes no further.

In Rouse v. Letcher, 156 U. S. 47, 15 S. Ct. 266, 39 L. Ed. 341, the court upheld the jurisdiction of the federal court to entertain the intervention of an individual asserting a purely legal claim upon the property being administered, saying, among other things, that, "where assets are in the course of administration, all persons entitled to participate may come in, under the jurisdiction acquired between the original parties, by ancillary or supplemental proceedings, even though jurisdiction would be lacking if such proceedings had been originally and independently prosecuted."

The other cases cited, which are equally inapropos, because they touch only the question of jurisdiction of the court over the subject-matter, and do not discuss venue, are Public Utilities Commission v. Landon et al., 249 U. S. 236, 39 S. Ct. 268, 63 L. Ed. 577; Metropolitan Trust Co. of New York v. Columbus S. & H. R. Co. (C. C.) 93 F. 689; Kirkland et al. v. Knox et al., 230 F. 806, 145 C. C. A. 116; and Hume v. City of New York, 255 F. 488, 166 C. C. A. 564.

In General Investment Co. v. Lake Shore & Michigan Southern R. Co. et al., 260 U.

S. 261, 43 S. Ct. 106, 67 L. Ed. 244, a case going up from this court, in the Eastern division, the court makes an observation (page 271, 43 S. Ct. 111) which is pertinent here, saying: "As we shall show, the argument advanced against that ruling confuses venue with general jurisdiction, * * *" directing attention to the distinction between jurisdiction, as particularized in section 24 of the Judicial Code (Comp. St. § 991), and venue of the exercise of such jurisdiction, as directed in sections 51 et seq. of the Judicial Code (section 1033 et seq.). And we think that the answer to the proposition before us here abides in a proper consideration of the force of sections 51, 52, and 53 of the Code (sections 1033–1035).

It should be noted that this is not an action allowed to be brought by supplemental bill, pursuant to section 34 of the Equity Rules; nor is it a suit of local nature which must always be one affecting a res within the custody of the court. It is not, therefore, a pure dependent bill, but it is an ancillary bill of an original nature. It has always been held that such bills must be served as original bills. Gregory v. Pike, 79 F. 520, 25 C. C. A. 48; Smith and another v. Woolfolk, 115 U. S. 143, 5 S. Ct. 1177, 29 L. Ed. 357; Manning v. Berdan et al. (C. C.) 132 F. 382; Bowen, Receiver, v. Christian et al. (C. C.) 16 F. 729, 19 L. Ed. 587; Providence Rubber Co. v. Goodyear, 9 Wall. 810; Shainwald v. Davids et al. (D. C.) 69 F. 701. And, were there no precedents, the language of the Code compels such a conclusion in such a case as we have here. Section 51 says: "Except as provided in the five succeeding sections, no person shall be arrested in one district for trial in another, in any civil action before a district court, and, except as provided in the six succeeding sections, no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant." The balance of the section is immaterial.

Passing, for the time being, consideration of sections 52 and 53, in which we think lays the decision of the matters before us, we examine the other four sections. These, 54 to 57, inclusive, of the Judicial Code (Comp. St. §§ 1036–1039), deal with suits of a local nature, or where a receiver is appointed who is to hold land or other property of a fixed character made the subject of the suit, and lying within different states in the same judicial circuit. Obviously, no one of these sections is worthy of further consideration. Having in mind the prohibition of section 51, we go now to the provisions of 52 and 53, following the principle that, in construing statutes, those that are in pari materia must be construed together. Section 52 says: "When a state contains more than one district, every suit not of a local nature, in the district court thereof, against a single defendant, inhabitant of such state, must be brought in the district where he resides." The balance of the section is immaterial for, as we have noted, the movants here must be considered as one individual, because of the character of the facts pleaded against them and the picture set up of their alleged joint and several liabilities.

Section 53 says: "When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides." The balance of this section is likewise irrelevant. Adverting again to the fact that the bill here is only an ancillary bill in the nature of an original bill, because the subject-matter is within the jurisdiction of the court, and to consider it as an inquiry in aid of the main suit, it is our conclusion that the language quoted from the three sections, 51, 52, and 53, compels the consideration that, for venue purposes a division line in districts having more than one division is in cases of this character, the same effective barrier to the running of the court's processes as would be a district line. The opening expressions of prohibition in sections 52 and 53 are alike; if this action is maintainable here upon service in our eastern division, it would be equally so upon service in the Southern district of Ohio, and, conversely, if we could not hold a defendant in such an action as this, who is served in the Southern district of this state, and who appears specially to protest jurisdiction of his person, we cannot hold one, under a similar situation, served in our Eastern division.

Considering sections 51, 52, and 53 together, the only reasonable conclusion appears to be that that service such as here, in such a case as this, is no more effective than if it had been had in the district of Indiana, or Michigan, or Oregon, or in any other district of the country.

We are compelled, therefore, to find the motions to the jurisdiction of the persons of these several movants to be well taken.