James W. ROARK, Plaintiff,

v.

John E. BAUER, and Laura Bauer,
Defendants.

Civ. No. 35504.

United States District Court
N. D. Ohio, E. D.

Feb. 8, 1960.

Robert R. Disbro, Sindell, Sindell, Bourne & Disbro, Cleveland, Ohio, for plaintiff.

Smith Warder, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

This is an action for damages for personal injuries arising out of an automobile accident in Tennessee. Plaintiff is a resident of Colorado and defendants, husband and wife, reside in Toledo, Ohio, in the Western Division of this District.

Defendants have filed a motion to dismiss, or, in the alternative, to transfer this case to the Western Division, either for improper venue under 28 U.S.C.A. § 1393(a), or for the convenience of parties under 28 U.S.C.A. § 1404(a).

Applicable Statutes

28 U.S.C.A.:

Section 1391

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

Section 1393

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

"(b) Any such action, against defendants residing in different divisions of the same district or different districts in the same State, may be brought in any such divisions."

Section 1404—Change of Venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

"(c) A district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1406

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

■ Jurisdiction herein is based only on diversity of citizenship and an amount in controversy exceeding $10,000. The venue of such actions is in the judicial district where all plaintiffs or all defendants reside, except where otherwise provided by law. 28 U.S.C.A. § 1391(a).

The problem in this case arises from the lack of a statutory provision specifying the judicial division within a district in which an action shall be maintained against multiple defendants all of whom reside in the same division.

Plaintiff urges that Section 1393 is inapplicable because there is more than one defendant and that only Section 1391(a) applies which prescribes the district, but not the division, in which this case may be filed.

■ A plaintiff has the right to select his forum but the statute confers on the defendant a personal privilege with respect to the place of the suit, which he may assert or waive at his election. Commercial Casualty Insurance Co. v. Consolidated Stone Co., 278 U.S. 177, 179, 49 S.Ct. 98, 73 L.Ed. 252. Duval v. Bathrick, D.C.D.Minn.1940; 31 F. Supp. 510.

At least two district court decisions in this Circuit have treated the term "single defendant" used in Section 1393 (a) as embracing a number of defendants in a single action, any one of whom might assert the privilege of being sued within his own district and division. In Barfield v. Zenith Tire & Rubber Co., D.C.N.D.Ohio W.D.1924, 9 F.2d 204, service of summons in the Western Division was quashed where all the defendants resided in the Eastern Division. Section 53 of the Judicial Code, then in effect, was similar to the present Section 1393(a). In construing the statute, Judge Killits held, at page 206, that:

" * * * as we have noted. the movants here must be considered as one individual, because of the character. of the facts pleaded against them and the picture set up for their alleged joint and several liabilities."

Lavietes v. Ferro Stamping & Mfg. Co., D.C.E.D.Michigan N.D.1937, 19 F. Supp. 561, involved a number of defendants, some of whom resided in the Southern Division of the Eastern District of Michigan but none of whom resided in the Northern Division where the suit was filed. Plaintiff was a resident of New York. Section 114 of Title 28 (upon which the present Section 1393 is based) provided as follows:

"When a district contains more than one division, every suit not of a local nature against a single defendant must be brought in the division where he resides; but if there are two or more defendants residing in different divisions of the district it may be brought in either division."

The Court held that the suit could not be maintained in the Northern Division:

"Section 114 eliminates the Northern Division of the Eastern District and clearly states that if this suit is brought in Michigan it must be brought in the Southern Division of the Eastern District." 19 F.Supp. at page 562.

With reference to the Barfield decision, above, the Cyclopedia of Federal Procedure, 3rd Ed., Vol. 3, pages 53–54, states:

"Where a number of defendants residing in the same division are sued under such circumstances as to require that they be considered as a single individual for purposes of venue, the action must be brought in that division."

■ There seems to be no question as to the soundness of the Barfield and Lavietes decisions. There would be no good reason for holding that proper venue for a suit in this District against defendant John E. Bauer alone would be in the Western Division where he lives, but merely because his wife is also named a defendant the plaintiff is given a choice between the two Divisions of this District. For venue purposes, these defendants, alleged to be jointly liable, should be treated "as one individual." Barfield v. Zenith Tire & Rubber Co., D. C.M.D.Ohio W.D.1924, 9 F.2d 204, at page 205. It is the opinion of this Court that proper venue under 28 U.S.C.A. § 1393(a) in this case is in the Western Division of the Northern District of Ohio.

■ As none of the parties herein reside in this Division, the Court also would be warranted, in the exercise of its discretion under 28 U.S.C.A. § 1404 (b), in transferring this case to the Western Division, the residence of the defendants, for the convenience of the parties.

In the interest of justice this case will not be dismissed but will be transferred to the Western Division pursuant to 28 U.S.C.A. § 1406.