Marion M. McCROSKEY, Ralph McCroskey, Edward Davidson, and Sunshine Key Aqua Center, Plaintiffs,

v.

TEXAS MARINE SURVEY COMPANY, INC., Maritime Enterprises, Inc., Patrick J. Maloy, J. C. "Chick" Chighizola, and W. W. Ousley, Defendants.

Civ. A. No. H–79–2610.

United States District Court, S. D. Texas, Houston Division.

Aug. 27, 1980.

Wayne Fisher, Fisher, Roch & Gallagher, Houston, Tex., for plaintiffs.

Howard F. Sudduth, Corpus Christi, Tex., for defendants.

## MEMORANDUM AND ORDER

SEALS, District Judge.

Before the Court for consideration is defendant's Motion Challenging Venue. Plaintiffs, residents of Florida, brought this cause of action against the defendants, all residents of Texas, for fraud regarding the sale of a vessel under the diversity of citizenship statute, 28 U.S.C. § 1332(a)(1).

Defendants contend, in support of their motion to have this court either dismiss the case because of improper venue or transfer it for the convenience of the parties and witnesses and in the interest of justice to the Corpus Christi Division, "that not only do all the defendants reside in the Corpus Christi Division of the Southern District of Texas, but the claimed cause of action arose in the Corpus Christi Division and substantially all material witnesses reside in said division." (Defendants' Motion Challenging the Venue at 2).

In response, plaintiffs contend venue is proper in this court under 28 U.S.C. § 1391, and that defendants have failed to cite to the court any provision of the Federal Rules of Civil Procedure or case law which supports their contention that they have a right to be sued in the Corpus Christi Division of the Southern District of Texas. In this regard plaintiffs "contend there are only two other venue provisions which could conceivably have any applicability to the instant case, 28 U.S.C. [§] 1393 and 28 U.S.C. [§] 1404." (Plaintiffs' Response to Defendants' Motion Challenging the Venue at 1). Relying on the mandatory provisions in 28 U.S.C. § 1393(a), plaintiffs assert that statute is inapplicable to this case since section 1393(a) expressly limits its application to civil actions against a *single* defendant. (Emphasis added). Thus *multiple defendants* have no right to be sued in the Corpus Christi Division. (Emphasis added). Plaintiffs further assert that a transfer of venue under 28 U.S.C. § 1404(a) is within the discretion of the court and defendants have the burden of showing the court that the case should be transferred. Plaintiffs contend the defendants have not met this burden, and that their choice of forum should be given great weight. *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966).

After reviewing the briefs of the parties and the Complaint in this cause, together with an examination of the applicable law, the Court concludes that venue does not lay in this court. While agreeing with plaintiffs that defendants' motion has provided the Court with little more than conclusory allegations regarding the issue of improper venue, the facts of the case speak for themselves. The Court's review of the Complaint along with the pleadings of the parties shows that (1) the parties do not dispute the fact that plaintiffs' claim arose in the Corpus Christi Division, and (2)

all of the defendants, both corporate and individual, reside and/or "do business" in either Aransas Pass or Port Aransas, Texas. The Court takes judicial notice that both cities are located in the Southern District of Texas, Corpus Christi Division. *See* 28 U.S.C. § 124(b)(6). Furthermore, the Court finds plaintiffs' reliance on 28 U.S.C. § 1393(a) to support their contention that *multiple* defendants residing in the same judicial division do not have the right to be sued in that division is unsound. (Emphasis added). The Court, having researched the applicable statutes, finds there is a paucity of either case law or commentary addressing the issue of whether a plaintiff can file a lawsuit against multiple defendants under 28 U.S.C. § 1391(a) in *any* division of a multi–division judicial district when all of the defendants reside in one division but not the same division where the suit is filed. (Emphasis added). The court is of the opinion that a pragmatic and logical construction of 28 U.S.C. §§ 1393(a) and (b), the division venue statute, read together with 28 U.S.C. §§ 1391(a) and (c) compels the conclusion that a suit brought against multiple defendants residing in a single division must be brought in that division notwithstanding the express language in 28 U.S.C. § 1393(a). In addressing this particular venue question, Professor Moore states in his treatise:

> [l]iterally there is a hiatus in the venue provisions as to this situation, for § 1393(a) deals with the situation of a *single* defendant in a district containing more than one division; and § 1393(b) which deals with an action involving multiple defendants, treats only of the situation where they reside in different divisions of the same district or different districts in the same state. But the principle stated in the text seems sound, for the principle of § 1393(a), which is addressed to the convenience of a single defendant, is equally applicable to the convenience of multiple defendants residing in the same division. See *Roark v. Bauer* (N.D.Ohio 1960) 181 Fed.Supp. 330. 1 Moore's Federal Practice ¶ 0.143[4] at 1466–67 (2d Ed. 1970).

Thus, if multiple defendants all reside in the same division of the same district, venue, geared to residence, is proper only in that division, and not in some other division of the same district. *Id.* at 1466. *See Barfield v. Zenith Tire and Rubber Co.*, 9 F.2d 204 (N.D.Ohio 1924).

Given the facts before the Court in this case, and in view of the foregoing, the Court concludes that it should transfer this case to the Corpus Christi Division in the interest of justice and for the convenience of the parties and witnesses under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). However, because the Court finds venue is not proper in the Houston Division of the Southern District of Texas, the case will be transferred in the interest of justice under 28 U.S.C. § 1406(a) to the Corpus Christi Division of the Southern District of Texas.

For the reasons stated above, the Court hereby ORDERS:

Defendants' Motion Challenging Venue is GRANTED.

The Clerk of this Court shall transfer the file of this case forthwith to the Clerk of the United States District Court of the Southern District of Texas, Corpus Christi Division.