## JENNER et al. v. MURRAY et al.

Circuit Court of Appeals, Fifth Circuit.
May 17, 1929.

No. 5537.

Robert H. Anderson, of Jacksonville, Fla., for appellants.

J. N. Morris, of Miami, Fla., A. W. Cockrell, Jr., and Alston Cockrell, both of Jacksonville, Fla. (Morris & Myers, of Miami, Fla., and Cockrell & Cockrell, of Jacksonville, Fla., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree denying an application for a temporary injunction against the enforcement of a judgment rendered on November 21, 1927, in an action at law brought in the court below by one of the appellees, J. A. Murray, against the appellants. The record on appeal contains the bill filed by appellees, an amendment of that bill, and several affidavits filed in the cause, including one made by the clerk of the court below, but contains no part of the record in the cause in which the judgment sought to be enjoined was rendered. The bill as it was amended shows the following:

Upon the præcipe of appellee J. A. Murray, filed in the office of the clerk of the court below in Jacksonville, Fla., summons ad respondendum issued out of that court on July 23, 1927, in an action at law instituted therein by said Murray against complainants, claiming damages in the sum of $20,000, returnable to the rule day in September, 1927. On the rule day in September, 1927, complainants, through their counsel, filed their appearance. At that time no declaration was on file with the clerk, nor was said declaration at any time filed in the office of the clerk at Jacksonville, Fla., but thereafter, on October 3, 1927, said Murray filed with the deputy clerk of the court below, at Miami, Fla., a declaration in the common counts, with a bill of particulars attached, pretending to state an account against complainants, showing a balance due of $19,230 in favor of Murray. Complainants "never at any time knew of the filing of such declaration, nor did their counsel know thereof, nor was a copy of the same sent to them or their counsel, in accordance with the almost uniform practice of members of the bar in this district, although their counsel was well known to plaintiff's attorney; but, on the contrary, the plaintiff, on November 7, 1927, filed a præcipe for default, asking the clerk to enter a default against defendants for failure to plead or demur on the November, 1927, rule day."

Afterwards, on November 21, 1927, at a special term of the court below held at Miami, at the instance of Murray, "a jury was impaneled and sworn to assess the damages in said cause, and, although the declaration sounded in the common counts as aforesaid, the plaintiff to maintain the issues in his behalf offered in evidence a certain alleged contract in writing as the basis for the assessment of such damages, whereupon the jury returned a verdict in favor of the plaintiff in the sum of $19,230 principal, and $529.44 interest, making a total of $19,759.44, upon which verdict the court entered final judgment against these complainants for the amount thereof on November 21, 1927, for which execution issued, all without the knowledge of complainants or their counsel, and complainants did not learn of the taking of such default or the entry of such judgment until about August 1, 1928, when the marshal of this court made a levy under such execution upon their property; * * * that in neither the declaration nor in any of the pleadings did the plaintiff allege any cause of action cognizable by the federal courts; that the colorable federal jurisdiction was apparently diversity of citizenship, although the plaintiff's pleadings were wholly devoid of any allegations thereof, the declaration alleging that the plaintiff was a 'resident,' not a citizen, of Dade county, Florida, and that defendants were 'residents,' not citizens, of the city of Davenport, state of Iowa; that in no other pleading was there any sufficient essential averment showing diversity of citizenship, but, on the contrary, plaintiff's proof, viz. his alleged written contract, showed on its face that it had been entered into 'between J. A. Murray, an individual, of Miami, Florida, hereinafter designated as the subcontractor, party of the first part, and Jenner Bros. Construction Company, Key Largo, Florida, hereinafter designated as the contractor, party of the second part,' and by its very allegations negatived any suggestion of diversity of citizenship."

Complainants never were indebted to said J. A. Murray as alleged in his declaration, and they have a valid claim against him, in excess of the amount of the judgment rendered in his favor, susceptible to reduction to judgment, but a judgment therefor could not be enforced, for the reason that he is wholly insolvent, and has no property sufficient to satisfy such a judgment, or any part thereof. The cause of action sued on by said Murray in the action in which the judgment in his favor was rendered was for the amount and value of work performed and materials fur-nished pursuant to a contract between him and complainants, whereby he agreed as a subcontractor, to perform certain work and supply certain materials called for by a contract between complainants and Monroe county, Florida. After that subcontract was made, complainants leased to said Murray for the sum of $2,000 per month a dredge needed for work called for by the subcontract with him. Complainants paid bills contracted by Murray for materials and labor greatly in excess of the amount earned by him, and Murray is indebted to complainants for cash paid to him, materials furnished, rentals for said dredge, and for bills contracted by him for labor and materials, which complainants have paid, all in the aggregate of $19,587.44 and interest, making a total of $20,632.08 as of the date of the filing of the bill.

Appellants contend that they are entitled to injunctive relief on the grounds: (1) That the judgment in question is void, because of the absence of allegations showing diversity of citizenship or other ground of jurisdiction; (2) that there was a violation of law, in that the suit in which the judgment was rendered was commenced in Jacksonville and tried in Miami; and (3) that the existence of the alleged set-off or counterclaim in favor of appellants and their inability to collect that demand on account of the insolvency of Murray warranted the granting of that relief.

■ The allegations of the bill do not negative the existence of the diversity of citizenship required to give the court jurisdiction of the suit in which the judgment was rendered. The defect relied on is the failure of the pleadings in the action at law to allege diversity of citizenship. It is well settled that a judgment of a United States court, which is of limited, but not inferior, jurisdiction, rendered upon personal service on the defendant, is binding until reversed, though no jurisdiction be shown on the record; such judgment, though subject to be reversed for error upon a direct proceeding, not being void or subject to be attacked collaterally. McCormick v. Sullivant, 10 Wheat. 192, 6 L. Ed. 300; Cutler v. Huston, 158 U. S. 423, 15 S. Ct. 868, 39 L. Ed. 1040.

■ The statute does not create divisions of the Southern district of Florida. 28 U. S. C. (28 USCA) § 149. It follows that the provision as to the division in which a suit not of a local nature must be brought, where a district contains more than one division (28 U. S. C. [28 USCA] § 114), is not applicable to this case. By rules of the court below the district was divided into divisions "for the purpose of practice in issuing, serving and

returning process," and provision was made for the court transferring any suit, either civil or criminal, from one division to any other division of the district for trial. The allegations of the bill do not show that the process served on the appellants in the suit in which the judgment was rendered indicated that that suit was to be tried at Jacksonville, and not at Miami. The statute (28 U. S. C. [28 USCA] § 149) provided for the holding of regular terms of the court at Jacksonville and Miami during the period which elapsed between the date of the entry of appearance for appellants and the levy of execution under the judgment rendered against them. The law charged them with notice that during that time the suit in which their appearance was entered was subject to be prosecuted to judgment. It appears from the affidavit of the clerk of the court that at the time the action at law was begun no files were kept in the Miami office, all of the Miami files and cases being kept in Jacksonville; that the suit was never entered on the Jacksonville docket, but was entered on the Miami docket; and that the file in the case was kept and removed in the customary way, and not differently from other cases. It was not made to appear that there was any illegality, or even irregularity, in the rendition of the judgment in question, or that the plaintiff in the suit in which that judgment was rendered did or omitted to do anything which properly can be given the effect of excusing the failure of the appellants to avail themselves of any defense they claimed to have to that suit.

In considering the last above mentioned ground assigned for the interposition of equity, due regard is to be had to the rule that a court of equity does not interfere with judgments at law, unless the complainant has an equitable defense of which he could not avail himself at law, or had a good defense at law which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents. Knox County v. Harshman, 133 U. S. 152, 10 S. Ct. 8, 33 L. Ed. 586. The averments of the bill indicate that both the claim asserted by the appellee Murray in his action at law and the claim or counter demand relied on by the appellants were based on transactions under contracts between the parties with reference to work with which the relation of appellants was that of contractors and the relation of Murray was that of a subcontractor under appellants. Those averments are consistent with the conclusions that by his suit at law Murray asserted the claim that the result of those transactions was that appellants were indebted to him in the sum for which the judgment in his favor was rendered, and that by their bill appellants asserted the right to have the enforcement of that judgment enjoined, on the ground that the result of those transactions was that Murray was indebted to appellants, instead of appellants being indebted to Murray.

The allegations of the bill not showing otherwise, it may be inferred that there would have been no occasion for the appellants seeking equitable relief, if they had set up any matters relied upon as defenses to Murray's suit against them, and in that suit had presented their version of the transactions out of which the conflicting claims of the parties arose. The averments of the bill as it was amended do not show that appellants had any equitable defense of which they could not have availed themselves in the suit in which the judgment in question was rendered, or that they had a good defense at law which they were prevented from availing themselves of by fraud or accident, unmixed with their own negligence in failing to make any defense to a suit of the institution and pendency of which they had due notice.

We conclude that the record does not show that the appellants were entitled to an injunction restraining the enforcement of the judgment against them.

The decree is affirmed.