**McNEIL CONSTRUCTION COMPANY, a corporation, Plaintiff,**

v.

**The LIVINGSTON STATE BANK, a corporation, Defendant.**

**Civ. No. 94.**

United States District Court
D. Montana,
Billings Division.
Sept. 30, 1957.

Brown, Sande, Symmes & Forbes, Billings, Mont., for plaintiff.

Luxan & Scribner, Helena, Mont., for defendant.

JAMESON, District Judge.

Defendant has moved the court to dismiss (1) on the ground that under the provisions of Section 1406, Title 28 U.S. C. the action is filed in the wrong division, and (2) because the complaint fails to state claim upon which relief can be granted; or, in the event the action is not dismissed, (3) to transfer the action to the Helena Division, and (4) to require the joinder of Seaboard Surety Company as a party plaintiff. Plaintiff has filed a motion for summary judgment.

Before passing upon the other motions, it should be determined whether the action should be transferred to the Helena Division and this memorandum relates solely to that portion of defendant's motion.

Defendant contends that the question of venue is determined by Section 1393, Title 28 U.S.C., which reads in part as follows:

"§ 1393. Divisions; single defendant; defendants in different divisions

"(a) Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides."

The defendant is a corporation, with its principal place of business at Livingston, in Park County, Montana. Park County is within the Helena Division, as defined by Rule 9–2 of the Rules of the District Court, for the State of Montana.

Plaintiff contends that Rule 9–2 is void, under the decision of the Court of Appeals for the Ninth Circuit in Standish v. Gold Creek Mining Company, 92 F.2d 662, and is non-existent.

Plaintiff relies upon Section 106, Title 28 U.S.C., which reads as follows:

"Montana, exclusive of Yellowstone National Park constitutes one judicial district.

"Court shall be held at Billings, Butte, Glasgow, Great Falls, Havre, Helena, Kalispell, Lewistown, Livingston, Miles City and Missoula. June 25, 1948, c. 646, 62 Stat. 884."

Plaintiff contends that since there are no accommodations at Livingston, and court accordingly is not held there, it was proper to bring the action in Bill-

ings, which is as close, if not closer, to Livingston than Helena.

Plaintiff also calls attention to Section 1404, Title 28 U.S.C., relating to change of venue, which reads as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of the proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

"(c) A district court may order any civil action to be tried at any place within the division in which it is pending." June 25, 1948, c. 646, 62 Stat. 937.

It is plaintiff's contention that, in the exercise of its discretion, the court should take into consideration the doctrine of forum non conveniens, pursuant to 1404(a) and that defendant has failed to make any showing under that subsection and plaintiff's choice of forum accordingly should not be disturbed.

Rule 9–2 of the Rules of the District Court for Montana, as amended on May 25, 1946, provides that:

"The United States District Court of Montana is hereby divided into Butte, Helena, Great Falls, Missoula, Billings and Havre divisions."

It then designates the territory for each division, including, "The Helena Division is composed of the territory in the Counties of Lewis and Clark, Broadwater, Meagher, Gallatin, Park, Jefferson and Powell." The rule then relates to terms of court and grand juries, and concludes as follows:

"Causes, civil and criminal, may be transferred by the Court or a Judge thereof from any sitting place designated herein to any other sitting place thus designated, when the convenience of the parties or the ends of justice would be promoted by the transfer, and any interlocutory order may be made by the Court or Judge thereof in either place."

Rule 9–3 reads as follows:

"All causes shall be assigned to that division of the District wherein they properly belong by conformity as near as may be to the laws of the State of Montana governing the place of trial in the courts thereof, and the trial of all issues shall be at the place where court is held within the division to which the cause is so assigned, unless by agreement of the parties with the consent of the Court or by order of the Court in its discretion or for good cause shown, such trial is ordered elsewhere. The plaintiff shall endorse on the complaint or bill the division wherein the cause is assignable."

Section 93–2904, R.C.M.1947, provides in part:

"In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them may be found * * *. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed . * * *."

Is Rule 9–2 void, as contended by plaintiff? In Standish v. Gold Creek Mining Company, supra, an action was brought in Silver Bow County by a resident of Illinois against a corporation whose office and principal place of busi-

ness was in Powell County, Montana. The defendant appeared specially and challenged the jurisdiction of the court on the ground that Rule 9–2 divided the state into divisions and that the action had been instituted in the Butte Division, whereas the defendant was a resident of the Helena Division. The district court granted the motion. In reversing, the Court of Appeals of the Ninth Circuit held that [92 F.2d 664] "it was the intent of the Congress that Montana should have no divisions, that a suit could be brought anywhere in the district against a resident of the district, and that the court could obtain jurisdiction over the defendant by service upon him within the district." The court said further: "Such being the case, a rule of court creating divisions by which the defendant can limit the court's jurisdiction clearly restricts the jurisdiction directly conferred by Congress."

■ Counsel for plaintiff argue that under this decision Rule 9–2 is void for all purposes. Counsel for defendant contend that the Standish decision was concerned solely with the question of jurisdiction and not venue. Defendant concedes jurisdiction, but argues that in the exercise of its jurisdiction the court may enforce its own rules in the administration of its business. On this point, I agree with counsel for the defendant.

Defendant contends further that Section 1393, Title 28 U.S.C., supra, relating to venue, is applicable whether the divisions are created by statute or by rules of court.

The provisions of Section 1393 of the 1948 Revision are essentially the same as Section 53 of the Judicial Code in the Act of March 3, 1911, and Section 114 of Title 28 U.S.C., 1940 Edition. These sections were held inapplicable where the divisions were created by rules of court in the cases of Jenner v. Murray, 5 Cir., 1929, 32 F.2d 625, and Patrick Jobbing Company v. Globe & Rutgers Fire Insurance Co., D.C.W.D. Va., 21 F.2d 106, although the District Court of Virginia in the latter case held that the court might, in the exercise of its discretion, transfer a cause to another division created by rule of court.

Defendant apparently concedes that, under Section 53 of the old Judicial Code and Section 114 of the 1940 Edition, there was some confusion and uncertainty with respect to the application of this provision to divisions created by court rules, but argues that any confusion and uncertainty were resolved by the 1948 revision and particularly by the enactment of Section 1406 of Title 28, which reads:

"1406. Cure or waiver of defects

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

"(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." As amended May 24, 1949, c. 139, Sec. 81, 63 Stat. 101.

The reviser's notes, under Sections 106 and 1404 supra, are interesting. Title 28 U.S.C., 1940 Edition, § 172, contains essentially the same provisions as Section 106 and, in addition thereto, the following:

"Causes, civil and criminal, may be transferred by the court or a judge thereof from any sitting place designated above to any other sitting place thus designated, when the convenience of the parties or the ends of justice would be promoted by the transfer * * *".

The reviser's note under Section 106 contains the following statement:

"A provision for transfer of causes, civil or criminal, from one place of holding court to another was omitted. Such provision, as to civil cases, is covered by Section 1404 of this title * * *".

A reviser's note under Section 1404 contains the following statement:

"Sections 143, 172, 177, and 181 of Title 28, relating to the district courts of Arizona, Montana, New Mexico, and Ohio, contained special provisions similar to subsection (b), applicable to those States. To establish uniformity, the general language of each subsection has been drafted and the special provisions of those sections omitted."

It will be noted that at least with reference to Sections 106 and 1404, the reviser apparently considers the statutes applicable to divisions created by court rule. It is not entirely clear whether this would be true with respect to Section 1393, particularly in view of the decisions in Jenner v. Murray and Patrick Jobbing Company v. Globe & Rutgers Fire Insurance Co., supra.

While there is still some confusion and uncertainty with respect to the effect of divisions created by court rule, it is my conclusion:

 1. That insofar as jurisdiction is concerned, Montana has no divisions and an action may be brought anywhere in the district against a resident of the district, and the court obtains jurisdiction by service upon the defendant within the district; that Rule 9–2, insofar as it attempted to limit the court's jurisdiction was void, but not otherwise.

 2. That the provisions of Section 1404, relating to change of venue, are applicable to divisions created by court rule as well as divisions created by statute.

3. That there is some question as to whether Section 1393 is binding upon the court where the divisions are created by court rule; but that

 4. In the exercise of its discretion with respect to transferring causes, the court may consider not only questions of forum non conveniens, under Section 1404, but also (a) the provisions of Section 1393, Title 28 U.S.C. and (b) its own local rules, including Rules 9–2 and 9–3.

In this case, defendant has not made any showing to justify transfer under Section 1404, but in the exercise of the court's discretion, and guided by Section 1393 and local rules 9–2 and 9–3, this cause should be transferred to the Helena Division.

I am accordingly making an order for the transfer of this cause from the Billings to the Helena Division of this Court.