**Anthony MANNING and Barbara Manning, Plaintiffs,**

v.

**George MUNDOCK and Keith E. Oliveri, Defendants.**

**No. 81–214–Civ–Oc.**

United States District Court, M.D. Florida, Ocala Division.

Nov. 29, 1982.

Charles W. Pittman, Tampa, Fla., for plaintiffs.

Carmine M. Bravo, Longwood, Fla., for defendant Mundock.

Mason H. Grower, III, Orlando, Fla., for defendant Oliveri.

## ORDER

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court on a motion of the defendant Keith E. Oliveri for dismissal or transfer of this cause for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a). The defendant George Mundock, in his Motion to Set Aside Default,[1] states at paragraph 6:

> The defendant would show unto this Court that the defendant has good and valid reasons for the venue to be changed and would claim that these matters are to be determined prior to the submission to the Court of defendant's answer in the above-styled case.

The Court will treat this statement as notice of defendant Mundock's intention to adopt defendant Oliveri's Motion for Change of Venue.

This is a personal injury action arising out of a motorboat accident on the Crystal

---

1. Mundock's Motion to Set Aside Default was granted in an order entered November 22, 1982.

River in Citrus County, Florida. The plaintiffs are citizens of the state of Ohio and the defendants are citizens of Florida and residents of Orange County.

The defendants' position is that since they both reside in Orange County, which is in the Orlando Division of the Middle District of Florida, venue should properly be found in the Orlando Division rather than the Ocala Division where this suit was filed. The defendants contend that the controlling statute is 28 U.S.C. § 1393(a), which states:

> Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

The plaintiffs, on the other hand, point out that they filed this suit in the Middle District of Florida, not because it is where the defendants live, but because it is where the cause of action arose. Since the injury occurred in Citrus County, within the Ocala Division, and since the accident was investigated, and since most witnesses probably reside, in Citrus County, plaintiffs contend that the Ocala Division has the greatest nexus with this case. They urge that because the general venue statute, 28 U.S.C. § 1391(a), as amended in 1966, provides that a suit may be brought either in the district where all the defendants (or plaintiffs) reside, or in the district in which the claim arose, § 1393(a) should be read as qualified by that language; so that where a cause of action arose within one division of a district, and the defendant resides in another, it is proper to bring the action in either division. Alternatively, the plaintiffs argue that § 1393(a) is not applicable since, by its terms, it applies only to actions "against a single defendant", whereas this action is against two defendants.

Wright, Miller and Cooper have criticized § 1393 as "a very poorly drafted statute" which "has led to much unnecessary confusion". 15 FEDERAL PRACTICE & PROCEDURE, CIVIL § 3809, at 45. As they point out,

> It is clear that in a transitory action in which the only basis for laying venue in the district is that a single defendant

resides in that district, suit must be brought in the statutory division, if any, of the district in which defendant resides. This is virtually the only thing that is clear about this statute. *Id.* at 46.

The case *sub judice* illustrates how confusing § 1393(a) can be. If we take the Wright, Miller and Cooper hypothetical just quoted as the clearest case, the Court discerns three arguably material differences presented in the facts of this case: first, the case involves more than one defendant; second, the defendants' residence in the Middle District is not the only basis for laying venue in this district, since the cause of action also arose in this district; and third, the divisions of the Middle District of Florida are not statutory but are established by local rule. If venue is properly to be found in the Ocala Division, it is because one or more of these differences takes the case out of the operation of § 1393(a). The Court therefore will consider these differences individually.

### More Than One Defendant

As the plaintiffs suggest, if § 1393(a) were interpreted literally, it would not apply to this case, since it governs actions "against a single defendant", whereas this action is against two defendants. Section 1393(b) also would not apply, since it governs actions "against defendants residing in different divisions of the same district", whereas defendants Mundock and Oliveri both reside in the Orlando Division.

■ Although at least one court has held that § 1393(a) is *per se* inapplicable in multiple defendant cases, *Williams v. Hoyt,* 372 F.Supp. 1314, 1317 (E.D.Tex.1974), the Court feels the more reasonable approach is to treat multiple defendants residing within the same division as "a single defendant" for venue purposes. *Barfield v. Zenith Tire & Rubber Co.,* 9 F.2d 204 (N.D.Ohio 1924); *Roark v. Bauer,* 181 F.Supp. 330 (N.D.Ohio 1960) (involving "married" defendants); *Wingard v. State of North Carolina,* 366 F.Supp. 982 (W.D.N.C.1973) (by implication).

### Plaintiffs' Claim Arose in the Ocala Division

A second difference between the instant case and Wright, Miller & Cooper's "clearest case" is that the defendants' residence in the Middle District of Florida, in the Orlando Division, does not provide the exclusive basis for laying venue in this district. As the plaintiffs point out, under the 1966 amendment to § 1391(a), venue may also rest on the fact that the cause of action arose within the Middle District. Thus, despite the apparently plain directive of § 1393(a) that an action brought in the defendants' district must be brought in the division where he resides, given the policy of § 1391(a) to allow cases to be brought where the cause of action arose, it is perhaps reasonable to read § 1393(a) as controlling only in cases where the defendants' residence provides the *exclusive* basis for venue within a given district.

■ Moore, in his treatise on Federal Practice, uncritically adopts a literal interpretation of § 1393(a) on this point. According to Moore,

> In an action by a non-resident against a resident of the district in which the action is brought, the fact that the accident occurred in a location within the boundaries of a division other than that in which the defendant resides does not take the case out of the language of § 1393(a), though the plaintiff may assert that he pitches venue on the provisions of the 1966 amendment to [§ 1391(a)].

1 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.143[3], at 1462–1463 n. 7c (2d ed. 1974). Although Moore cites no authority for this interpretation, § 1393(a) has been held to apply in an analogous situation, where the plaintiff and defendant were residents of different divisions in the same district. *Torres v. Continental Bus System, Inc.,* 204 F.Supp. 347 (S.D.Tex.1962).

Wright, Miller and Cooper, on the other hand, while admitting that Moore's position could be forcefully argued, suggest that a reading which would allow suits such as this one to be brought either in the defendant's division or in the division where the cause

of action arose would better accord with the purpose of Congress in revising § 1391(a). 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, CIVIL § 3809, at 47.

Perhaps the best argument for the more liberal reading is that the introductory phrase, "Except as otherwise provided", should be read to imply that § 1393 is not applicable where § 1391(a) venue within the district rests on some basis other than, or in addition to, the residence of the defendant. Although this argument is not put forth by Wright, Miller & Cooper, we are told by Moore that

> The introductory phrase, "Except as otherwise provided," in subsection (a) of § 1393, refers to provisions permitting venue to be laid in the district in which the claim arose, and in diversity cases in the district where plaintiff resides and to cases as to which other statutes provide for a venue different from that in § 1391 gearing venue to the residence of the defendant.

1 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.143[3], at 1465 (citations omitted). Curiously, Moore expresses elsewhere, as noted above, the opinion that § 1393(a) applies even where the defendant's division and the division in which the cause of action arose are within the same district. The Court feels, however, that such a restrictive reading of the exception clause in § 1393(a) would render it trivial and superfluous. Surely § 1393 would not otherwise require that all non-local civil actions be brought in the district of the defendant's residence. Section 1391 deals with the question of which districts have venue over an action, and plainly gives the plaintiff a wider range of options. Section 1393, on the other hand, deals with divisions within a district, and thus its application is logically subsequent to that of § 1391. Sound principles of statutory construction dictate that the exception clause in § 1393(a) be given a broader reading. Hence, the Court holds that § 1393(a) is applicable only to cases in which the defendant's residence provides the exclusive basis for venue within the district under § 1391. Thus in this case,

§ 1393(a) does not require that venue be transferred to the Orlando Division.

### Non-statutory Divisions

■ The third and perhaps most compelling difference between the instant case and the Wright, Miller and Cooper hypothetical is that the divisions of the Middle District of Florida are not statutory, *see* 28 U.S.C. § 89(b), but rather are set up by local rule. Rule 1.02(b), Rules of the United States District Court for the Middle District of Florida.

The general consensus of commentators and courts is that § 1393 is applicable only where a division has been established by legislation; and thus it is not necessary that an action be brought in the division where the defendant resides, when such division is created by rule of court. 1 J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 0.143[3] at 1464; 15 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE, CIVIL § 3809, at 46; *see McNeil Construction Co. v. Livingston State Bank,* 155 F.Supp. 658 (D.Mont. 1957), *rev'd on other grounds* 265 F.2d 308 (9th Cir.1959); *Boothe v. Baltimore Steam Packet Co.,* 149 F.Supp. 861 (E.D.Va.1957); *cf. Jenner v. Murray,* 32 F.2d 625 (5th Cir. 1929); *Patrick Jobbing Co. v. Globe & Rutgers Fire Insurance Co.,* 21 F.2d 106 (W.D. Va.1927) (interpreting predecessor of § 1393).

Congress, which has created statutory divisions of districts in many states, *see e.g.,* 28 U.S.C. § 81 (Alabama); 28 U.S.C. § 90 (Georgia), has chosen not to in the case of Florida. 28 U.S.C. § 89(b), which establishes the Middle District of Florida, merely lists the counties which comprise the Middle District and the cities in which court shall be held; it does not endeavor to couple each city with certain counties, such as one finds in Local Rule 1.02(b). It would seem most

unlikely, therefore, that Congress intended the rigid dictates of § 1393 to apply to the divisions of the Middle District, where the creation and boundaries were not the products of legislation but were established by the Court itself.[2]

The Court therefore holds that the provisions of § 1393 are not binding upon the courts of the Middle District of Florida.

■ The only remaining question is whether venue in the Ocala Division is appropriate under Local Rule 1.02(c). That provision states:

All civil proceedings of any kind shall be instituted in that division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties.

The Court agrees with the plaintiffs that the Ocala Division has the "greatest nexus" with this cause. The defendants do not dispute that the injury occurred in the Ocala Division, that the accident was investigated in the Ocala Division, and that most witnesses would probably reside in the Ocala Division. The Court feels that these considerations outweigh the rather fortuitous fact that the defendants reside in the Orlando Division.

In accordance with the foregoing, it is

ORDERED:

The defendants' motion for dismissal or transfer of this cause for improper venue is hereby denied.

2. The Middle District of Florida has in fact altered its divisional boundaries by rule change on at least one occasion. Under former Local Rule 1(A), Volusia County was in the Jacksonville Division; whereas under the present Rule 1.02(b), promulgated by the Court in 1977, Volusia County is in the Orlando Division.

On the other hand, Congressional amendments to 28 U.S.C. § 89 were required to authorize the Southern District of Florida to hold court in Ft. Lauderdale (amended June 2, 1970, Pub.L. 91–272, § 10, 84 Stat. 298), and to shift Madison County from the Middle District to the Northern District (amended Oct. 2, 1978, Pub.L. 95–408, § 4(a), 92 Stat. 884).