**NEW SOUTH COMMUNICATIONS, INC., Plaintiff,**

v.

**FAMILY GROUP BROADCASTING OPERATING, L.P., Defendant.**

Civ. A. No. E88–0039(L).

United States District Court, S.D. Mississippi, E.D.

June 9, 1988.

Thomas Bourdeaux, Meridian, Miss., for plaintiff.

Guy M. Burns, Tampa, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Family Group Broadcasting Operating, L.P. to dismiss for improper venue or, in the alternative, to transfer venue. Plaintiff New South Communications, Inc. has timely responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, is of the opinion that defendant's motion is not well taken and should be denied.

Plaintiff, a Mississippi corporation with its principal place of business in Meridian, Mississippi, brought this action against defendant, a limited partnership organized and existing under the laws of the State of Delaware, which is qualified to do business in Mississippi. The basis of the lawsuit is an alleged default by defendant in the payment of a promissory note in favor of plaintiff. Defendant on this motion contends that venue is proper in the Southern Division of the Southern District of Mississippi, and is not proper in the Eastern Division where this suit was filed. Defendant urges that since it is a "resident" of the Southern Division of the Southern District, it is entitled to be sued in that division. In support of this contention, defendant relies on the venue provision contained in 28 U.S. C. § 1393(a) which provides as follows:

> Except as otherwise provided, any civil action, not of a local nature, against a single defendant in a district containing more than one division must be brought in the division where he resides.

Defendant reasons that since this is a transitory action against it, a single defendant, in the Southern District of Mississippi, a multi-division district, under the provisions of section 1393(a), this lawsuit *must* be brought in the Southern Division since that is the only division where it does business and hence the only division in which it resides. In the court's opinion, however, even assuming that defendant resides only in the Southern Division,[1] the venue provision of section 1393(a) is inapplicable to a case such as this where the basis for laying venue in the Southern District of Mississippi is not limited to the defendant's residence.

In this diversity action, the applicable venue provision is 28 U.S.C. § 1391(a), under which venue is proper in "the judicial district where all plaintiffs or all defendants reside, or in which the claim arose." Clearly, if the sole basis for laying venue in this district was the fact that the defendant resides in the district, then section 1393(a) could be logically applied to require that suit be brought in the division where it resides. Here, however, in addition to the fact that defendant resides in this district, the claim arose in this district and in particular, in the Eastern Division. Under these

---

1. Although defendant is licensed to do business in the State of Mississippi, it claims that since it actually does business only in the Southern Division, it can be said to reside only in that division for venue purposes. According to Wright, Miller and Cooper, an argument can be made that a corporation licensed to do business in a state may be regarded as residing in every division of the state (and may be sued in a division in which it is not actually doing business.) C. Wright, A. Miller and E. Cooper, *Fed-* *eral Practice and Procedure* § 3809 (1986). They explain that while some cases do hold or assume that the suit must be brought in a division in which the defendant is actually doing business, others have held that suit should be allowed in any division if the defendant is licensed to do business in the state. *Id. See* 28 U.S.C. § 1391(c) (corporate defendant may be sued in any district in which it is incorporated or licensed to do business or doing business).

circumstances, where venue is not predicated solely upon the defendant's residence in the district, it makes little sense to require the plaintiff to bring the action in the division of defendant's residence, particularly in view of the proviso to section 1393(a) that it applies "except as otherwise provided."

The court is, of course, aware of the divergent views which have been manifested with reference to the applicability of section 1393(a) by both courts and commentators and, like most courts which have had reason to address the section, finds that the section is not a model of clarity. Nevertheless, the court is compelled to conclude that section 1393(a) is applicable only in cases where the defendant's residence provides the exclusive basis for venue within the district under section 1391.[2] Accordingly, the court is of the opinion that defendant's motion should be denied, and it is so ordered.

---

**2.** In *Manning v. Mundock,* 551 F.Supp. 604 (M.D.Fla.1982), the court analyzed the provision of 1393(a) in a similar case and arrived at the same conclusion as the court here reaches. The court finds the reasoning by the court in *Manning* quite persuasive and that it is one of the more cogently reasoned cases dealing with the subject.